**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6442**

RAHYMEEN JAMEL BARBER, SR.,

        Petitioner - Appellant,

    v.

RICKEY FOXWELL; THE ATTORNEY GENERAL OF THE STATE OF MARYLAND,

        Respondents - Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge. (8:17-cv-02491-DKC)

Submitted: May 25, 2021                     Decided: May 28, 2021

Before DIAZ and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Rahymeen Jamel Barber, Sr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rahymeen Jamel Barber, Sr., seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2254 petition. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on September 2, 2020. Barber filed the notice of appeal on February 14, 2021.[*] Because Barber failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Barber could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).